Abbaham J. Gellixoff, J.
Motions number 164 of March 1,1972 and 178 of March 3,1972 are consolidated for disposition.
Plaintiffs in .these actions, Pan American World Airways, Inc., Eastern Air Lines, Inc. and Marriott In-Flite Services, a division of Marriott Corporation, seek a preliminary injunction restraining various officers and members of Local 71,. Transportation, Terminal, Inter-Plant and Commissary Employees’ Union, from picketing inside various terminal buildings at Kennedy and La Guardia Airports. Plaintiffs maintain that the premises involved are private property, and that defendants’ activities therefore constitute unlawful trespass (see Watchtower Bible & Tract Soc. v. Metropolitan Life Ins. Co., 297 N. Y. 339). Defendants urge that the premises are at least quasi-public, entitling them to exercise their right to free speech and dissemination of ideas thereon, and that, in any event, since plaintiffs, by .seeking this injunction, are charging defendants with unfair labor practices, this matter can only be' resolved by the National Labor Relations Board.
The premises involved are buildings leased by plaintiff airlines from the Port of New York Authority, and used by them as terminals for the convenience of their passengers. Parts of the buildings are subleased to plaintiff Marriott, which operates restaurants within the terminal buildings. The question whether such terminal buildings are public or private places is not one of first impression. Courts in this and other jurisdictions have considered this question, and have unanimously —and correctly — concluded that these buildings are private property (East Side Airlines Term. v. Dennis, N. Y. L. J., July 30, 1970, p. 2, col. 4; State v. Kirk, 84 N. J. Super. 151; Nelson v. City of Chicago, 60 LRRM 2396 [N. D. Ill., 1965]; Pan American World Airways v. Local 71, Index No. 07039/69).
The decision of the United States Court of Appeals in Wolim v. Port of New York Auth. (392 F. 2d 83, cert. den. 393 U. S. 940), relied upon by defendants, does not affect the correctness of these decisions. In Wolim, the court concluded that the interior *425 of a bus terminal, which occupied a square block of midtown Manhattan, was a public thoroughfare. The evidence there disclosed that the building, with entrances on all sides, and dozens of business enterprises — and a subway station — under its roof, was used by hundreds of thousands of people every day, many of them merely pedestrians using the main thoroughfare, which closely resembled a public street. That situation hardly compares to that of the airline terminals here, which are in relatively isolated areas, and are used only by people having business -with the privately owned airlines or their few privately owned subtenants.
Defendants’ assertion that the matter must be determined only by the National Labor Relations Board is also without merit. While the underlying dispute between the parties may be one which the Federal laws preempt from State consideration, the precise application here — to enjoin mass picketing— is one within a State court’s jurisdiction (Garner v. Teamsters Union, 346 U. S. 485, 488).
Accordingly, the motions are granted. The court notes that plaintiffs Marriott and Eastern have already submitted a proposed order. Defendants may submit a counterorder within two days from the date of publication of this decision. As to the motion made by plaintiff Pan American, settle order on .two days’ notice.